**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARVIN H. MAURRAS REVOCABLE TRUST, DERIVATIVELY AND ON BEHALF OF ACCRETIVE HEALTH, INC., <br><br> PLAINTIFF, <br><br> vs. <br><br> EDGAR M. BRONFMAN, JR., J. MICHAEL CLINE, STEVEN N. KAPLAN, STANLEY N. LOGAN, DENIS J. NAYDEN, ARTHUR H. SPIEGEL, III, MARY A. TOLAN, MARK A. WOLFSON, <br><br> DEFENDANTS, <br><br> and <br><br> ACCRETIVE HEALTH, INC. <br><br> NOMINAL DEFENDANT. | Case No. 12-cv-03395 <br><br> Judge: Hon. Gary Feinerman |

*(caption continued on next page)*


**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REASSIGNMENT**

| | |
|---|---|
| JEFFREY GOODWIN, derivatively on behalf of ACCRETIVE HEALTH, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EDGAR M. BRONFMAN, JR., J. MICHAEL CLINE, STEVEN N. KAPLAN, STANLEY N. LOGAN, DENIS J. NAYDEN, GEORGE P. SHULTZ, ARTHUR H. SPIEGEL, III, MARY A. TOLAN, MARK A. WOLFSON, JOHN T. STATON, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>ACCRETIVE HEALTH, INC., a Delaware corporation, )<br>)<br>Nominal Defendant. ) | Case No. 1:12-cv-06798<br>Judge: Charles R. Norgle/Nan R. Nolan |

Pursuant to Local Rule 40.4, Defendants Accretive Health, Inc. ("Accretive" or the "Company"), Edgar M. Bronfman, Jr., J. Michael Cline, Steven N. Kaplan, Stanley N. Logan, Denis J. Nayden, George P. Shultz, Arthur H. Spiegel, III, Mary A. Tolan, Mark A. Wolfson, and John T. Staton (collectively the "Director Defendants") hereby submit this motion to reassign *Goodwin v. Bronfman, Jr. et al* to this Court. A copy of the *Goodwin* complaint is attached hereto as Exhibit 1.

## ARGUMENT

Local Rule 40.4 provides for the reassignment of related cases, thereby "promot[ing] efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00-4623, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008). In order to obtain reassignment of a case, a moving party must first show that a case is "related" to an earlier-filed matter. *Id.* at *2. If a case is found to be "related," Local Rule 40.4(b) provides that a related action may be reassigned where each of the following criteria is met: (1) [two or more] cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding. *See* L.R. 40.4(b). Local Rule 40.4 also requires that motions for reassignment "shall be filed in the lowest-numbered case of the claimed related set and noticed before the judge assigned to that case." Local Rule 40.4(c)(2). Because the *Maurras Trust* suit, described below, is the lowest-numbered related action, Defendants have filed this motion in this Court, with courtesy copies to the Judges presiding over the other related actions. Defendants are filing a separate motion for reassignment of the *Haith* Action in this Court.

On the threshold question of relatedness, in addition to the present suit, there are three other derivative actions currently pending in the Northern District of Illinois to which the *Goodwin* action is related: (1) *Marvin H. Maurras Revocable Trust v. Bronfman et al.*, No. 12-cv-3395 (the "*Maurras* Action"), filed on May 3, 2012, and assigned to this Court; (2) *Zhao v. Tolan, et al.*, No. 12-cv-6019 (the "*Zhao* Action"), filed on July 31, 2012, and reassigned to this Court on August 23, 2012 following the *Zhao* plaintiffs' motion to consolidate and appoint lead plaintiff; and (3) *Haith v. Bronfman, Jr. et al*, No. 12-cv-06781 (the "*Haith* Action"), removed on August 23, 2012, and randomly-assigned[1] to Judge St. Eve (collectively the "Derivative Actions"). The Derivative Actions allege substantially similar facts concerning purported breaches of fiduciary duty on the part of Accretive's Directors and Officers and also allege that the Company violated the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936, the Health Information Technology for Economic and Clinical Health Act ("HITECH"), amending HIPAA, Pub. L. No. 111-5, 115 Stat. 226, and certain state and federal consumer protection and debt collection laws. Thus, because the actions involve the same issues of fact and law, they are related. *See* Local Rule 40.4(a)(2).

In addition to relatedness, the remaining requirements of Local Rule 40.4(b) also are met. First, all of the Derivative Actions are pending in the Eastern Division of the Northern District of Illinois. Second, because there are significant similarities between the cases, a substantial saving of judicial time and effort will result from having the same judge preside over all of the related

---

[1] At a status conference in *Maurras Trust* held on August 23, 2012, defense counsel informed the Court of the anticipated removal of the *Haith* and *Goodwin* suits and, as the Court suggested, noted that the cases were related to *Maurras Trust* and *Zhao* on the case cover sheet when removing. According to the clerk's office, however, it appears random assignment was required notwithstanding the notation of relatedness and reassignment to this Court can only be accomplished following entry of a separate order.

cases. *See River Vill. W. LLC v. Peoples Gas Light & Coke Co.*, No. 05-2103, 2007 WL 541948, at *2 (N.D. Ill. Feb. 14, 2007) ("[G]iven the similarities among the three cases, it is clear that substantial judicial resources will be saved if the matters are consolidated."); *21 SRL v. Enable Holdings, Inc.*, No. 09-cv-3667, 2009 WL 4884177, at *2 (N.D. Ill. Dec. 9, 2009) (reassignment of related complex patent infringement cases will foster judicial economy). Third, the Derivative Actions have not progressed to the point where designating a later-filed case as related would be likely to delay substantially the proceedings in the earlier cases. On the contrary, motion to dismiss briefing is ongoing in *Maurras Trust* and the Court has continued further proceedings in *Zhao* pending its review of the motion to dismiss papers. Fourth and finally, the Derivative Actions are all susceptible of disposition in a single proceeding. *See* L.R. 40.4(b). If Accretive Health's motion to dismiss is granted in *Maurras Trust* on demand futility grounds, it would have preclusive effect on the remaining actions. *See Henik ex rel. LaBranche & Co., Inc. v. LaBranche,* 433 F.Supp.2d 372, 381 (S.D.N.Y. 2006) (holding all potential stockholder plaintiffs "are precluded, on both res judicata and collateral estoppel grounds, from relitigating the issue of demand futility"); *In re Sonus Networks, Inc. S'holder Deriv. Litig.,* 422 F.Supp.2d 281, 294 (D. Mass. Mar. 31, 2006) (granting a motion to dismiss on the issue preclusion finding "that a privy of the plaintiffs had a full and fair opportunity to litigate the identical demand futility issue in the state court, which reached a final judgment on that issue"). And should any of these actions survive a motion to dismiss, they are likely to involve nearly identical discovery as they all involve the same alleged factual circumstances and turn on nearly identical legal allegations.

Accordingly, because the requirements of Local Rule 40.4(a) and (b) are met, the above-captioned action should be reassigned to this Court.

## **CONCLUSION**

For the reasons stated above, Accretive respectfully requests that this action be reassigned to this Court pursuant to Local Rule 40.4.

Dated: August 29, 2012

Respectfully submitted,

/s/ Leonid Feller

Leonid Feller
KIRKLAND & ELLIS LLP
300 North LaSalle Drive
Chicago, IL 60654
Telephone: (312) 862-2954
Facsimile: (312) 862-2200
leonid.feller@kirkland.com

Andrew B. Clubok (*admitted pro hac vice*)
Adam T. Humann (*admitted pro hac vice*)
Melody Wells (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-6400
Facsimile: (212) 446-6460
andrew.clubok@kirkland.com
adam.humann@kirkland.com
melody.wells@kirkland.com

***Attorneys for Accretive Health, Inc.***

**CERTIFICATE OF SERVICE**

    I, Leonid Feller, an attorney, hereby certify that I filed the MOTION FOR REASSIGNMENT using the CM/ECF system on this 29th day of August, 2012. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                          */s/ Leonid Feller*